******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PALMER, J., concurring. I agree with the result that the majority reaches because I believe that our decision in *Duperry* v. *Solnit*, 261 Conn. 309, 803 A.2d 287 (2002), controls the outcome of this case, and the petitioner, Anthony Dyous, has not asked us to overrule that decision. In light of Judge Stefan R. Underhill's thoughtful analysis in *Duperry* v. *Kirk*, 563 F. Supp. 2d 370 (D. Conn. 2008), of the same fundamental issue presented in this case, however, I now question whether our application of *Teague* v. *Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), in *Duperry* v. *Solnit*, supra, 319–26, was correct. Because the majority understandably relies on our reasoning in *Duperry* v. *Solnit*, supra, 309, to decide the present case, I concur in the result only.